# EXHIBIT A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L1020
St. Clair County
12/23/2020 12:12 PM
11612583

IN THE TWENTIETH JUDICIAL CIRCUIT COURT
STATE OF ILLINOIS
ST. CLAIR COUNTY

| | |
|---|---|
| DAVID HOFFMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 2020-L- 1020 |
| BOISE CASCADE COMPANY, BOISE CASCADE BUILDING MATERIALS DISTRIBUTION, LLC, and TIMOTHY FERREL, | ) ) ) ) |
| Defendants. | ) **PLAINTIFF DEMANDS TRIAL BY JURY** ) |

**SERVE:**

BOISE CASCADE COMPANY
c/o CT Corporation System
308 S. LaSalle Street
Suite 814
Chicago, Illinois 60604

BOISE CASCADE BUILDING MATERIALS DISTRIBUTION, LLC
c/o CT Corporation System
308 S. LaSalle Street
Suite 814
Chicago, Illinois 60604

TIMOTHY FERRELL
725 Southwell Lane
Florissant, Missouri 63031

## COMPLAINT

### COUNT I
(Negligence v. Boise Cascade Company and
Boise Cascade Building Materials Distribution, LLC)

COMES NOW Plaintiff David Hoffman, by his undersigned attorneys, and for his cause of action against Defendants Boise Cascade Company and Boise Cascade Building Materials Distribution, LLC (hereinafter the "Boise Defendants") states the following:

1. Plaintiff David Hoffman is a citizen of Madison County, State of Illinois.

2. At all times relevant herein, Defendant Boise Cascade Company was a Delaware corporation registered to do business in the State of Illinois.

3. At all times relevant herein, Defendant Boise Cascade Building Materials Distribution, LLC, was a Delaware limited liability company registered to do business in the State of Illinois and was registered and conducted business as an interstate motor carrier under USDOT No. 1709260 and was subject to Federal Motor Carrier Safety Regulations promulgated by the Federal Motor Carrier Safety Administration, U.S. Department of Transportation.

4. Upon information and belief, Defendant Timothy Ferrell is a citizen of St. Louis County, State of Missouri.

5. At all times material hereto, the intersection of Illinois Route 203 and Ohio Avenue in Madison, Illinois was and is a public road and highway, which is located in St. Clair County, Illinois.

6. On January 25, 2019, Plaintiff was operating a vehicle in a southbound direction on Illinois Route 203 in St. Clair County, Illinois when he stopped his vehicle at a red light at the intersection with Ohio Avenue.

7. On January 25, 2019, the Boise Defendants owned a 2003 Kenworth tractor, which was being driven and operated by Defendant Ferrell, and which was pulling an open trailer.

8. On January 25, 2019, the Boise Defendants' aforesaid commercial motor vehicle was traveling in a southbound direction on Illinois Route 203, approaching the intersection with Ohio Avenue, when it struck the rear of the Plaintiff's vehicle.

9. On January 25, 2019, and at all relevant times herein, Defendant Ferrell was an employee, agent, or servant acting in the course and scope of his employment for or with Defendants Boise Cascade Company and Boise Cascade Building Materials Distribution, LLC (hereinafter the "Boise Defendants").

10. At all times relevant herein, the Boise Defendants and Defendant Ferrell owed a duty to Plaintiff and others upon the roadways to act in a reasonably careful manner so as to not injure or damage the persons or property of the Plaintiff and others.

11. On January 25, 2019, the Boise Defendants, independently and through their agents, servants, and employees breached the aforesaid duty owed to the Plaintiff in one or more of the following ways:

   a. Negligently and carelessly failed to properly supervise Defendant Ferrell; and/or

   b. Negligently and carelessly required Defendant Ferrell to drive a route with distances and time restrictions which resulted in Defendant Ferrell operating the commercial motor vehicle in violation of the FMCSR; and/or

   c. Negligently and carelessly coerced Defendant Ferrell to operate the commercial motor vehicle in violation of the FMCSR in violation of 49 CFR 390.6(a) and (b); and/or

   d. Negligently and carelessly permitted, allowed, coerced or forced Defendant Ferrell to operate the commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

   e. Negligently and carelessly required or permitted Defendant Ferrell to operate the commercial motor vehicle while his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

   f. Negligently and carelessly failed or refused to require Defendant Ferrell to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

g. Were negligent *per se* in failing to follow and comply with the provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 379 *et seq*; and/or

h. By and through their agent or employee Defendant Ferrell, they negligently and carelessly failed to maintain the commercial motor vehicle in its own lane of traffic; and/or

i. By and through its agent or employee Defendant Ferrell, they negligently and carelessly failed to keep a proper lookout for other vehicles; and/or

j. By and through its agent or employee Defendant Ferrell, they operated Defendants' commercial motor vehicle at an excessive speed considering the conditions; and/or

k. By and through its agent or employee Defendant Ferrell, they failed to reduce speed to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a).

12. As a direct and proximate result of one or more of the foregoing acts or omissions, on January 25, 2019, the Boise Defendants' commercial motor vehicle collided with Plaintiff Hoffman's motor vehicle which caused, and will in the future cause Plaintiff: severe pain, suffering, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other health care to treat his injuries thereby becoming indebted for the same; and has, in the past and will in the future, caused additional damages all in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff David Hoffman respectfully requests that judgment be entered for him and against Defendants Boise Cascade Company and Boise Cascade Building Materials Distribution, LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus his costs herein expended, and for such further relief as this Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**
(Willful and Wanton Conduct v. the Boise Defendants)

13. Plaintiff restated and realleges paragraphs 1 through 10 of this Complaint as if specifically stated herein.

14. At all times relevant herein, as an "interstate motor carrier" under the jurisdiction of the Federal Motor Carrier Safety Regulations (FMCSR), 49 CFR 379 *et seq.*, when operating commercial motor vehicles, the Boise Defendants were required to comply with said regulations so as to not endanger members of the driving public, including but not limited to Plaintiff David Hoffman.

15. At all times relevant herein, on January 25, 2019 and prior thereto, the Boise Defendants, by and through its management, knew that it had entrusted to Defendant Ferrell's control a commercial motor vehicle on the public roadways which operated at high speeds and weighed in excess of 60,000 pounds.

16. At all times relevant herein, on January 25, 2019 and prior thereto, the Boise Defendants, by and through their management, knew that the failure or refusal of its management, agents, or employees to comply with the FMCSRs and Illinois Administrative Code could cause and result in great bodily harm or death to members of the driving public, including but not limited to, Plaintiff Hoffman.

17. On January 25, 2019 and on many occasions prior thereto, the Boise Defendants, by and through their management, acted with willful, wanton, conscious, and/or reckless disregard for the safety of Plaintiff and other members of the driving public in one or more of the following ways:

    a. Consciously, willfully or recklessly permitted or caused Defendant Ferrell to operate Boise's commercial motor vehicle on the roadways despite knowing his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

    b. Consciously, willfully or recklessly hired and retained Defendant Ferrell as the operator of Boise's commercial motor vehicles despite not having adequately

and properly investigated, and subsequently and timely reassessed, Defendant Ferrell's background, driving history, qualifications, and medical ability to drive in violation of 49 CFR 391 *et seq.*; and/or

c. Consciously, willfully or recklessly retained Defendant Ferrell as an employee and commercial motor vehicle operator despite Defendant Ferrell having been involved in previous motor vehicle crashes and/or received motor vehicle citations; and/or

d. Consciously, willfully or recklessly required Defendant Ferrell to drive Boise's commercial motor vehicle on a route with distances and time restrictions which resulted in Defendant Ferrell operating the commercial motor vehicle in violation of the FMCSR; and/or

e. Consciously, willfully or recklessly failed or refused to train Defendant Ferrell in the proper and safe operation of its commercial motor vehicles on the roadways; and/or

f. Consciously, willfully or recklessly coerced Defendant Ferrell to operate Boise's commercial motor vehicle in violation of the FMCSR in violation of 49 CFR 390.6(a) and (b); and/or

g. Consciously, willfully or recklessly permitted, allowed, coerced or forced Defendant Ferrell to operate Boise's commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

h. Consciously, willfully or recklessly failed or refused to require Defendant Ferrell to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

i. Consciously, willfully or recklessly authorized or directed the manner in which Defendant Ferrell operated Boise's commercial motor vehicle in the manner which caused injury to Hoffman; and/or

j. Consciously, willfully or recklessly aided, abetted, encouraged or required its employees to violate the FMCSR in violation of 49 CFR 390.13.

18. In one or more of the foregoing ways, on January 25, 2019, the Boise Defendants, by and through their management and supervisors, acted in willful, wanton, reckless and/or conscious disregard for the safety of the driving public thereby causing the aforementioned crash, which in turn caused, and will in the future cause Plaintiff: severe pain, suffering, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other

health care to treat his injuries thereby becoming indebted for the same; and has, in the past and will in the future, caused additional damages all in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff David Hoffman respectfully requests that a judgment be entered for him and against Defendants Boise Cascade Company and Boise Cascade Building Materials Distribution, LLC on Count II of this Complaint in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus his costs herein expended, and for such further relief as this Court deems just and proper under the circumstances.

## **PLAINTIFF DEMANDS TRIAL BY JURY**

## **COUNT III**
(Negligence v. Ferrell)

19. Plaintiff restates and re-alleges paragraphs 1 through 10 of this Complaint as if specifically stated herein.

20. At all times relevant herein, Defendant Ferrell owed a duty to Plaintiff and others upon the roadways to act in a reasonably careful manner and to prevent foreseeable crashes so as to not injure or damage the persons or property of Plaintiff and others.

21. On January 25, 2019 and prior thereto, Defendant Ferrell breached his aforesaid duty to Plaintiff in one or more of the following respects:

   a. Negligently and carelessly failed to keep a proper lookout for other traffic; and/or

   b. Negligently and carelessly drove a route with distances and time restrictions which resulted in operating his commercial motor vehicle in violation of the FMCSR; and/or

   c. Negligently and carelessly operated his commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

    d. Negligently and carelessly operated his commercial motor vehicle while his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

    e. Negligently and carelessly failed or refused to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

    f. Was negligent *per se* in failing to follow and comply with the provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 379 *et seq.*; and/or

    g. Negligently operated the commercial motor vehicle at an excessive speed under the conditions; and/or

    h. Negligently failed to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601(a).

22. As a direct and proximate result of one or more of the foregoing acts or omissions, on January 25, 2019, Defendant Ferrell's commercial motor vehicle collided with Plaintiff Hoffman's motor vehicle which caused, and will in the future cause Plaintiff: severe pain, suffering, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other health care to treat his injuries thereby becoming indebted for the same; and has, in the past and will in the future, caused additional damages all in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff David Hoffman respectfully requests that judgment be entered for him and against Defendant Timothy Ferrell in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus his costs herein expended, and for such further relief as this Court deems just and proper under the circumstances.

                                                      BROWN & CROUPPEN, P.C.

                                                      By: __/s/ Alan G. Pirtle__
                                                            Alan G. Pirtle #6208141
                                                            Eli Roberts #6313837
                                                            211 North Broadway, Suite 1600

St. Louis, MO 63102
(314) 561-6205 (Direct)
(314) 667-3050 (Fax)
ATTORNEYS FOR PLAINTIFF
pipleadings@getbc.com
AlanP@getbc.com
EliR@getbc.com